Julio Cesar Acosta CAMACHO, Petitioner,

v.

Alberto R. GONZALES, Attorney General, Respondent.

No. 05–72737.

United States Court of Appeals, Ninth Circuit.

Submitted July 24, 2006.*

Filed July 31, 2006.

Iraj Shahrok, Esq., Law Office of Iraj Shahrok, Belmont, CA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Stacy S. Paddack, Kurt B. Larson, Esq.,

courts of this circuit except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

U.S. Department of Justice, Civil Division, Office of Immigration Litigation, Washington, DC, for Respondent.

Before: ALARCÓN, HAWKINS, and THOMAS, Circuit Judges.

## MEMORANDUM **

Julio Cesar Acosta Camacho, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's decision denying his application for cancellation of removal. To the extent we have jurisdiction, it is conferred by 8 U.S.C. § 1252. We review de novo claims of due process violations in immigration proceedings, *Sanchez–Cruz v. INS*, 255 F.3d 775, 779 (9th Cir.2001), and we dismiss in part and deny in part the petition for review.

We lack jurisdiction to review the agency's discretionary determination that Camacho failed to show exceptional and extremely unusual hardship. *See Martinez–Rosas v. Gonzales*, 424 F.3d 926, 929 (9th Cir.2005). Camacho's contention that the agency deprived him of due process by misapplying the law to the facts of his case does not state a colorable due process claim. *See id.* at 930 ("[t]raditional abuse of discretion challenges recast as alleged due process violations do not constitute colorable constitutional claims that would invoke our jurisdiction.").

Camacho contends the IJ violated due process by preventing him from elaborating on what would happen to his children if they were removed to Mexico with him. Contrary to Camacho's contention, the proceedings were not "so fundamentally unfair that [he] was prevented from reasonably presenting [his] case." *Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir.2000) (citation omitted).

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

